AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

SEP 23 2019

Clerk, U.S. District Court
By _____ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

1207 West Trail Street
Dodge City, Ford County, KS 67801

Case No. 19-6159-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

1207 West Trail Street, Dodge City, Ford County, KS 67801, including the residence (see Attachment A for a detailed description), and any outbuildings and vehicles on the property.

located in the _____ District of ___Kansas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | possession with intent to distribute, or distribution of, controlled substances |
| 21 U.S.C. § 843 | unlawful use of a communication device in connection with drug trafficking |
| 21 U.S.C. § 846 | conspiracy to possess and/or distribute controlled substances |

The application is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Thomas M. Krausch, DEA Task Force Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: 09/23/2019 @ 4:00 pm

_____
Judge's signature

City and state: Wichita, Kansas

Gwynne E. Birzer, United States Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF | ) | |
| THE UNITED STATES OF AMERICA FOR A | ) | Case No. _____ |
| WARRANT TO SEARCH THE PREMISES OF | ) | |
| 1207 W. Trail St. Dodge City, Kansas 67801 | ) | **UNDER SEAL** |

### AFFIDAVIT IN SUPPORT OF APPLICATION

I, Thomas M. Krausch, being duly sworn, hereby declare as follows:

<u>Purpose of Affidavit and Property to be Searched</u>

This Affidavit is in support of a warrant authorizing the search of 1207 W. Trail St. Dodge City. The warrant is being sought because there is probable cause to believe that 1207 W. Trail St. Dodge City Kansas, is being used to facilitate the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846. There is probable cause to believe that the search of 1207 W. Trail St. Dodge City Kansas, would provide and/or lead to evidence, fruits, or instrumentalities of such offense, or to the identification of individuals involved in such a crime. Your affiant is requesting authorization to search at any time of the day or night, the premises described below, and in **Attachment A:**

> The premise of 1207 W. Trail St. Dodge City Kansas is described as a a single family residence having siding which is white in color. The dwelling has a covered porch with the writing "Twelve 0 Seven" in black lettering above the front steps. The front door is located on the north side of the residence facing Trail Street. The property has at least two unattached garages on it with an additional unattached shed.

1

Credentials of Affiant

1. I am a Detective with the Wichita, Kansas Police Department (WPD) and have been so employed since 1990. I worked 10 years on patrol from 1990-2000. In 2000, I was promoted to the rank of detective. As a detective, between the years 2000-2015 I have worked several investigative assignments to include Undercover Narcotics, the Exploited and Missing Child Unit and Robbery. During my investigative assignments, I was responsible for the investigation of child physical and sexual abuse cases, robberies, and simple misdemeanor juvenile battery cases. I have been involved in undercover purchases of narcotics, controlled purchases, trash pulls, and the execution of search warrants. I have been assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) Wichita, Kansas Resident Office (WRO) since May 2015. As a result, your Affiant has arrested numerous individuals for the violating State and Federal statutes about possession, manufacture and sale of controlled substances and weapons. I have attended and successfully completed training courses relating to narcotics investigations.

2. During my tenure in law enforcement, I have conducted numerous investigations into the transportation, possession, manufacture, and distribution of controlled substances; and the associated conspiracies. Many of these investigations have resulted in the arrest and conviction of several defendants on state and federal drug trafficking violations. I have debriefed confidential sources regarding drug activities and conducted physical, wire and electronic surveillance of persons involved in drug trafficking. Through my training and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs.

3.  I also have training and personal experience in the authorized interception and monitoring of wire and electronic communications related to drug trafficking. As such, I have become familiar with the many methods and modes drug traffickers use to communicate about their illegal activities to include the use of cellular telephones with voice and text capabilities. For instance, cellular telephones are frequently used by drug traffickers to verbally and textually communicate various types of information with organization members, such as: (a) telephone numbers of co-conspirators; (b) the identities of co-conspirators involved in the drug trafficking enterprise; (c) locations of meetings with co-conspirators; (d) prices and quantities of controlled substances; and (e) alerts or warnings of the presence of law enforcement.

4.  I am an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

5.  I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents of the DEA and other law enforcement officers; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in

substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

6. Through my training and experience, I know the following:

   a. Narcotics traffickers commonly keep records relating to their drug trafficking activities. Like legitimate business records, these drug trafficking records are often retained for extended periods. I have personally executed searches on residences and stash houses that have led to the seizure of records believed to be several years old that were relevant to the investigation being conducted.

   b. Narcotics traffickers often maintain ledgers, account books, tax returns or tax preparer statements, and other papers detailing the receipt, storage, sale, and distribution of narcotics and income derived therefrom. These ledgers commonly contain amounts of drugs; accountings of payments made and received, accounts receivable and accounts payable used in furtherance of their drug trafficking activities.

   c. Narcotics traffickers often maintain phone books, address books and other papers containing names, telephone numbers, and addresses of suppliers and purchasers of narcotics. Narcotics traffickers will commonly write these documents in code and they maintain documents containing the key to their codes.

d. Narcotics trafficking is a "for profit business" and, as such, traffickers commonly maintain the types of documents described above to determine profitability and to track debts owed by and to the trafficker.

e. Narcotics traffickers commonly amass large amounts of profits derived from their illegal narcotics trafficking activities. Documents and other records pertaining to assets which are proceeds of the narcotics trafficking described herein would constitute evidence of the same narcotics trafficking.

f. Narcotics traffickers commonly convert their illegal profits into other assets, such as stocks, bonds, precious metals, jewelry, real estate, vehicles, and other assets. The acquisition of such assets, which are the proceeds of narcotics transactions, and the changes of one form of asset to another, almost invariably generates documents evidencing such activity.

g. Narcotics traffickers also often maintain documents or receipts for various services, such as bank and investment account statements, wire transfer receipts, money orders and money order receipts, and other evidence of financial transactions, telephone bills, utility bills, vehicle repair, consumer goods purchases, all evidencing the disposition of illegal profits, the existence of "stash houses", and the existence of other assets. Narcotics traffickers often maintain various documents evidencing ownership of assets such as real estate deeds, vehicle titles, and insurance policies.

h. Narcotics traffickers often keep photographs and videos of themselves and their co-conspirators, narcotics and their illegal profits.

5

> i. Narcotics traffickers often maintain the above described items and documents in their primary residences and stash houses so as to afford them ready access to those items. In addition, narcotics traffickers often maintain the types of documents described in paragraphs above on computers or other forms of digital media. These records, like the records of legitimate businesses, are often retained for extended periods in order to track various business transactions. Your affiant has personally seized documentation from the residences of drug traffickers that are believed to date back several years that were relevant to the current investigation.
>
> j. In the majority of cases, digital media stored on cellular phones also provided evidence of a drug trafficking conspiracy.
>
> k. Narcotics traffickers often keep firearms on their persons or readily accessible in order to protect their illicit products or the proceeds of their illegal activities.

7. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the DEA and other law enforcement, from my discussions with witnesses involved in the investigation, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer, or a witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is submitted for the limited purpose of securing an order authorizing the search of 1207 W. Trail St. Dodge

City Kansas, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

Items to be Seized

8. The items to be seized are evidence of violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribution of a Schedule II controlled substance) are described in Attachment B.

Probable Cause

9. The Drug Enforcement Administration (DEA), Wichita Resident Office (WRO) in connection with the Dodge City Police Department, is conducting a criminal investigation of known and unknown subjects, in connection with violations of the Controlled Substances Act, including Title 21, United States Code, sections 841 (Possession with Intent to Distribute, and Distribution of, Controlled Substances), and 846 (Conspiracy to Possess and to Distribute Controlled Substances).

10. On September 20, 2019 SA Jake Seibel of the DEA, applied for and was granted a federal document search warrant, signed by the Honorable Judge Birzer for the residence of 1207 W. Trail St. Dodge City, Kansas. Investigators executed that search warrant at approximately 8:30 AM on September 23, 2019.

11. During the search of the premises, investigators located a package of "Scarlet Oilworks, Watermelon D.I.M.E.S Gummies" that through the investigators training and experience recognize the item to be an eatable form of Tetrahydrocannabinol, (THC) commonly sold at Marijuana distributors. The package itself advises "This is a Marijuana product. Keep

out of the reach of children." The package was located in the master bedroom of the residence that is occupied by the primary suspect Danny DEL REAL and his wife.

12. Investigators have also obtained information from an associate of DEL REAL, named Gabrile AVILA, that DEL REAL has been known to bury drugs in the back yard of the Trail address near a shed on the property. Investigators informed your affiant that there are locations in the yard where the ground appears to have been tampered with.

## Conclusion

13. WHEREFORE, based on the above information, your affiant has probable cause to believe, and does believe, that Danny DEL REAL and others are utilizing the residence located at 1207 W. Trail St. Dodge City Kansas, to engage in the commission of the following offenses: violations of Title 21, United States Code, section 841 (Unlawful Possession with Intent to Distribute, Distribution and/or Manufacture of a Controlled Substance); Title 21, United States Code, section 846 (Conspiracy and Attempts); Title 21, and evidence of these crimes will be located at the premises of 1207 W. Trail St. Dodge City Kansas. Consequently, your Affiant requests that a search warrant be issued to seize the items listed in Attachment B.

_____
Thomas M. Krausch
Task Force Officer
Drug Enforcement Administration

Sworn to and signed before me this 23th day of September, 2019.

_____
Honorable Gwynne E. Birzer
United States Magistrate Judge
District of Kansas

8

**ATTACHMENT A**

*Property to be searched*

The property to be searched is 1207 West Trail Street, Dodge City, Ford County Kansas, a dwelling further described as a single family residence having siding which is white in color. The dwelling has a covered porch with the writing "Twelve 0 Seven" in black lettering above the front steps. The front door is located on the north side of the residence facing Trail Street. The property has at least two unattached garages on it with an additional unattached shed. The U.S. is not seeking authority to "dig" on the defendant's property.

## ATTACHMENT B

*Property to be seized*

The items to be seized are evidence of violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribution of marijuana (THC), a Schedule II controlled substance) to include any and all other illicit drugs that may be located on the premises described in Attachment A.